**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**COURT FILE NO.:** _____19cv257_____

| | |
|---|---|
| Kimberly Schultz,<br><br>        Plaintiff,<br><br>v.<br><br><br>LVNV Funding, LLC; Halsted Financial Services, LLC; and, Credit One Bank, National Association.<br><br>        Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Wis. Stat. §427.104 of the Wisconsin Consumer Act by this Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff reside here, and Defendant transacts business here.

## PARTIES

4.    Plaintiff Kimberly Schultz is a natural persons who reside in Hayward, County of Sawyer, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate.  Defendant LVNV operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Wisconsin.  In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.  Moreover, LVNV is a "debt collector" as that term is defined by Wis. Stat. §427.103(3).

6.      Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate.  Moreover, Halsted is a "debt collector" as that term is defined by Wis. Stat. §427.103(3).  Halsted has a registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.  Moreover, Halsted is a "debt collector" as that term is defined by Wis. Stat. §427.103(3).

7.      Upon information and belief, Defendant Credit One Bank, N.A. (hereinafter "Credit") is an entity located at 6801 South Cimarron Road Las Vegas, NV 89119, and is a "debt collector" as that term is defined by Wis. Stat. §427.103(3).

### FACTUAL ALLEGATIONS

9.      Before May 24, 2018, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "claim" as it is defined by Wis. Stat. §427.103(1) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a "debt" to Credit.

10.     The debt was then purchased/assigned/transferred from Credit to LVNV.   Upon
        information and belief LVNV transferred the debt to Halsted for collection.

11.     On May 24, 2018, the Plaintiff filed for relief under Wis. Stat. 128.21 in Sawyer County
        Case Number 2018CV000077 Voluntary Amortization of Debts of Kimberly S. Schultz.

12.     Included in Plaintiff's Ch. 128 filing was the debt.  (See Exhibit A attached hereto and
        made a part hereof.)

13.     On May 24, 2018, the Sawyer County Circuit Court ordered the following:

> All debt collector(s)(which includes original creditors), as that term is
> defined by Wis. Stat. §427.103(3), listed in the Debtor's Affidavit of
> Debts for the above captioned matter are hereby ordered to not have any
> communication with the above Debtor for any purpose including, but not
> limited to, "debt collection" as that term is defined by Wis. Stat.
> §427.103(2) during the pendency of the above captioned matter unless
> said communications are through the Debtor's  attorney of record in the
> above captioned matter for the duration of the above captioned matter.

(See Exhibit B attached hereto and made a part hereof.)

14.     Shortly thereafter, a notice of representation and a copy of the order was mailed to all
        creditors included in the Ch. 128 including Credit.  (See Exhibit C attached hereto and
        made a part hereof.)

15.     On November 20, 2018, Halsted on behalf of LVNV sent a collection letter to Plaintiff
        attempting to collect a debt. (See Exhibit D attached hereto and made a part hereof.)

16.     The above noted letter was a "communication" in an attempt to collect a debt as that term
        is defined by 15 U.S.C. § 1692a(2).

17.     From the facts above, Plaintiff asserts Defendants LVNV and Halsted's collective actions
        were made in violation of numerous and multiple provisions of the FDCPA, including but
        not limited to 15 U.S.C. §1692c(a)(2), §1692c(c), §1692e, and §1692f amongst others.

18.    From the facts above, Plaintiff assert all Defendants' actions  were made in violation of numerous and multiple provisions of the Wisconsin Consumer Act, including but not limited to Wis. Stats. §427.104(c), §427.104(h) and §427.104(j).

## TRIAL BY JURY

19.    Plaintiff isis entitled to and hereby respectfully demand a trial by jury on all issues so triable.

### CAUSE(S) OF ACTION

### COUNT 1.

### VIOLATIONS OF WISCONSIN CH. 427: CONSUMER TRANSACTIONS – DEBT COLLECTION – ALL DEFENDANTS

20.    Plaintiff incorporates by reference all the paragraphs of this Complaint as though fully stated herein.

21.    The debt at issue was and is a "consumer transaction" as that term is defined in Wis. Stat. §421.301.

22.    Defendants and their respective employees attempted to collect a "claim "as that term is defined by Wis. Stat. §427.103(1).

23.    Defendants and their respective employees attempted to collect the claim in a manner consistent with the term "debt collection" as it is defined in §427.103(2).

24.    Defendants and their respective employees are "Debt Collector[s]" as that term is defined by Wis. Stat. §427.103(3).

25.    Contrary to Wis. Stat. §427.104(j), Defendants and their respective employees have attempted to collect a claim or debt arising from a consumer credit transaction or other consumer transaction with knowledge, or should have known, that right does not exist.

26.     Contrary to Wis. Stat. §427.104(h), Defendants and their respective employees engaged in conduct which can reasonably be expected to threaten or harass the customer.

27.     As a result, the Plaintiff is entitled to an award of actual and statutory damages and the penalty provided in Wis. Stat. §425.304; but notwithstanding any other law, actual damages shall include any applicable damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter.

## COUNT 2.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15  U.S.C. § 1692 et seq. – Halsted and LVNV

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The foregoing acts and omissions of Defendants Halsted and LVNV constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

30.     As a result of Halsted and LVNV's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff  prays  that judgment be entered against Defendants:

## COUNT I.

## VIOLATIONS OF WISCONSIN CH. 427: CONSUMER TRANSACTIONS – ALL

## DEFENDANTS

- As a result of the Defendants' violation of Wis. Stats. §427.104(c), §427.104(h) and §427.104(j), the Defendants are liable to Plaintiff for actual damages, punitive damages and legal fees under Wis. Stat. §427.105(1) and Wis. Stat. §425.304.

- For such other and further relief as may be just and proper.

## COUNT 2.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 16  U.S.C. § 1692 et seq. – Halsted and LVNV

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

Respectfully submitted,

**Lein Law Offices**

By:  **s/Matthew C. Lein**
Matthew C. Lein
Attorney I.D.#1084028

15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone:  (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com

MCL/mcl                                    **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN         )
                                    ) ss
COUNTY OF SAWYER          )

Plaintiff, Kimberly Schultz, having first been duly sworn and upon oath, verify, certify, and declare as follows:

1. We are the Plaintiff in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorney and believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorney where appropriate, we have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

We declare under penalty of perjury that the foregoing is true and correct.

Dated:


/s/_____
Kimberly Schultz

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN       )
                                    ) ss

COUNTY OF SAWYER        )

Plaintiff, Kimberly Schultz, having first been duly sworn and upon oath, verify, certify, and declare as follows:

1. We are the Plaintiff in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorney and believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by our attorney where appropriate, we have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

We declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/31/19

/s/ _____
Kimberly Schultz